# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| SHANA BELL, ANGELA HART, JASMINE BROWN, JENNIFER TAYLOR, and GAMALIEL GUZMAN, <br><br> Plaintiffs, <br><br> v. <br><br> ACCORD SERVICES, LLC, a Georgia corporation and STEVEN ADAMS, an individual, <br><br> Defendants. | Civil Action Number: <br><br><br> Jury Trial Demanded |

## FAIR LABOR STANDARDS OVERTIME COMPLAINT

COME NOW Plaintiffs Shana Bell (hereinafter "Plaintiff Bell"), Angela Hart (hereinafter "Plaintiff Hart"), Jasmine Brown (hereinafter "Plaintiff Brown"), Jennifer Taylor (hereinafter "Plaintiff Taylor"), and Gamaliel Guzman (hereinafter "Plaintiff Guzman") (collectively "Plaintiffs") by and through their undersigned counsel, and file this lawsuit against Defendants Accord Services, LLC (hereinafter "Defendant Accord Services") and Steven Adams (hereinafter "Defendant Adams") (collectively "Defendants") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

## INTRODUCTION

1. The instant action arises from Defendants' violations of Plaintiffs' rights under the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended (hereinafter "FLSA"), to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiffs of their lawful overtime wages.

2. Defendant employed Plaintiffs as staffing coordinators.

3. During the employment of Plaintiffs, Defendants committed violations of the FLSA by failing to compensate the staffing coordinators at the legally appropriate overtime rate for hours worked in excess of forty hours in a given workweek.

4. Plaintiffs seek overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

6. Venue is proper in the Northern District of Georgia under 28 U.S.C. § 1391 (b) and (c) because a substantial part of events or omissions giving rise to

the claims occurred within the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

7. Plaintiff Bell resides in Lawrenceville, Georgia (within this District).

8. Plaintiff Hart resides in Austell, Georgia.

9. Plaintiff Brown resides in Mableton, Georgia.

10. Plaintiff Taylor resides in Cartersville, Georgia.

11. Plaintiff Guzman resides in Georgia.

12. At all times material to this action, Plaintiffs were "employees" of Defendants defined by § 203(e)(1) of the FLSA, and worked for Defendants within the territory of the United States. These same individuals are further covered by §§ 203, 206, and 207 of the FLSA for the period in which they were employed by Defendants.

13. Defendants conduct business within this State and District.

14. Upon information and belief, Defendant Adams is one of the owners of Defendant Accord Services and is head of its finance department.

15. Defendant Accord Services is a corporation formed under the laws of the State of Georgia.

16. Defendant Accord Services is located within this District at 855 Church Street, Marietta, Georgia.

17. Defendant Accord Services is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Steven Adams, 1025 Ector Drive, Kennesaw, Georgia 30152.

18. Defendant Adams is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 1025 Ector Drive, Kennesaw, Georgia 30152.

19. Defendants maintained either actual or constructive control, oversight and direction of Defendants' business, including the employment and pay and other practices of those operations of Plaintiffs.

20. At all times material to this action, Defendant Accord Services was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

21. At all times material to this action, Defendants were "employers" of Plaintiffs as defined by § 203(d) of the FLSA.

22. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

23. Defendant Accord Services provides private duty nursing services for clients who have suffered catastrophic or complex injuries or illnesses.

24. Defendants employed Plaintiff Bell as a staffing coordinator from approximately May 2013 through approximately August 2014.

25. Defendants employed Plaintiff Hart as a staffing coordinator from approximately October 23, 2012 through approximately March 6, 2015.

26. Defendants employed Plaintiff Brown as a staffing coordinator from approximately August 11, 2014 through approximately March 25, 2015.

27. Defendants employed Plaintiff Taylor as a staffing coordinator from approximately January 14, 2013 through approximately July 23, 2014.

28. Defendants employed Plaintiff Guzman as a staffing coordinator from approximately July 23, 2013 through approximately October 23, 2014.

29. As staffing coordinators, Plaintiffs were required to maintain accuracy of the caregivers' schedules to ensure appropriate coverage of clients, fill open shifts, update caregiver and client schedules, e-mail and mail out caregiver and client schedules, recruit and phone screen potential caregivers, and verify all caregivers' payroll hours to ensure accuracy of time.

30. Defendants required Plaintiffs to work at the office Monday through Friday from at least 8:30 a.m. until at least 5:00 p.m.

31. Defendants also required Plaintiffs to handle "on-call" shifts which covered after hours during the week and all day and night during the weekends responding to calls regarding caregiver issues.

32. Additionally, Defendants required Plaintiffs to handle "buffer" shifts in which they were required to answer all other calls made to the company after hours during the week and all day and night during weekends.

33. To determine the number of hours worked each workweek for compensation purposes, Defendants calculated the number of hours Plaintiffs worked during the workweek that were scheduled at the office.

34. Defendants compensated Plaintiffs an hourly rate for these office hours up to forty hours in a workweek.

35. To determine the number of hours worked each workweek for compensation purposes, Defendants did not include time worked at the office beyond 5:00 p.m.

36. Additionally, to determine the number of hours worked each workweek for compensation purposes, Defendants did not include the number of hours that Plaintiffs worked on-call or buffer shifts.

37. Defendants required Plaintiffs to regularly work in excess of forty hours per week.

38. Defendants were aware that Plaintiffs were required to work beyond their scheduled time at the office.

39. At all times relevant to this action, Defendants did not compensate Plaintiffs for hours worked in excess of forty hours per week at a rate not less than one and one-half times the regular rate at which they were employed.

40. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. §§ 207 or 213 with respect to Plaintiffs.

41. Defendants failed to meet the requirements for paying Plaintiffs at a rate not less than one and one-half times the regular rate at which they were employed, at which Plaintiffs were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

42. Plaintiffs are entitled to compensation for any and all time worked in excess of forty hours per week at the rate of at least one and one-half times their regular rate at which they were legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

43. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiffs have suffered damages plus incurring costs and reasonable attorneys' fees.

44. As a result of Defendants' failure to act with good faith in compensating Plaintiffs, they are entitled to liquidated damages.

45. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant 29 U.S.C. § 216(b), Plaintiffs are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

46. Plaintiffs demand a jury trial.

## COUNT I

47. Plaintiffs repeat and incorporate by reference all preceding Paragraphs herein.

48. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiffs in accordance with §§ 203 and 207 of the FLSA.

49. Defendants have not made a good faith effort to comply with the FLSA with respect to their overtime compensation of Plaintiffs.

50. As a result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by failing to receive overtime compensation in accordance with §§ 203 and 207 of the FLSA.

51. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, pursuant to § 216(b) of the FLSA, pray for the following relief:

A. That Plaintiffs be awarded damages in the amount of their respective unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiffs be awarded reasonable attorneys' fees;

C. That Plaintiffs be awarded the costs and expenses of this action; and

D. That Plaintiffs be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which they may be entitled.

Respectfully submitted this 3rd day of April, 2015.

MARTIN & MARTIN, LLP

By: /s/ Kimberly N. Martin
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595

MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085
(404) 313-5538 / (770) 837–2678 Fax