UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| SHANA BELL, ANGELA HART, JASMINE BROWN, JENNIFER TAYLOR, and GAMALIEL GUZMAN, | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | **Civil Action No.:** |
| **v.** | ) ) | **1:15-cv-00976-AT** |
| ACCORD SERVICES, LLC, a Georgia corporation, and STEVEN ADAMS, an individual, | ) ) ) ) | |
| **Defendants.** | ) ) | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Plaintiffs Shana Bell, Angela Hart, Jasmine Brown, Jennifer Taylor, and Gamaliel Guzman ("Plaintiffs"), and Defendants Accord Services, LLC ("Accord") and Steven Adams ("Adams") (collectively "Defendants"), submit this Joint Motion for Approval of Settlement of Claims under the Fair Labor Standards Act and supporting Memorandum of Law, respectfully asking this Court to approve their settlement agreements. A copy of the parties' Settlement Agreement and Release of Claims ("Settlement Agreements") are attached as Exhibit A. The

parties submit that the Settlement Agreements are fair and reasonable and that no hearing before the Court is necessary.

## I.    FACTUAL BACKGROUND

Accord provides private duty nursing services for clients who have suffered catastrophic or complex injuries or illnesses.  Accord employed Plaintiffs as staffing coordinators at various times between late 2012 through early 2015.  As staffing coordinators, Plaintiffs' duties included, but were not limited to, creating and maintaining caregivers' schedules to ensure appropriate coverage for clients, interviewing caregivers for assigned cases, responding to emergency client situations, attending and participating in daily report meetings regarding assigned cases, and verifying hours and payroll data for caregivers.

Although the parties dispute the precise hours Plaintiffs worked, Plaintiffs typically worked at Accord's office Monday through Friday from approximately 8:30 a.m. until 5:00 p.m.  At times, Plaintiffs also worked "on-call" and "buffer" shifts beyond the office's regular hours, including weekends.  During those shifts, Plaintiffs would respond to after-hour calls, including calls regarding caregiver issues.

During the relevant period, Accord classified its staffing coordinators—Plaintiffs included—as exempt under the Fair Labor Standards Act's

2

administrative exemption, and it compensated them accordingly.  Plaintiffs allege, however, that Accord misclassified Plaintiffs.  Plaintiffs allege Accord compensated Plaintiffs an hourly rate for the hours they worked in the office (up to forty hours in a workweek), but that Accord did not include time worked at the office beyond 5:00 p.m. or time worked while on-call or on buffer shifts.

Plaintiffs, none of whom are still employed by Accord, filed suit on April 3, 2015, alleging Defendants violated the FLSA's overtime provisions, 29 U.S.C. §§ 201, *et seq.*, by not paying Plaintiffs one-and-one-half times their hourly rate for work performed in excess of forty hours per week.  (Doc. 1).  After extensive discovery, the parties engaged in a day-long, arms-length mediation conducted by Daniel Klein.  The factors the parties evaluated in reaching agreement include, but are not necessarily limited to, (1) the fact that if Accord's staffing coordinators were determined to be exempt, Plaintiffs would recover nothing, (2) the length of time each Plaintiff worked for Accord, (3) the amount of additional compensation Accord already paid Plaintiffs for working on call, (4) the number of times Plaintiffs were on call, (5) the number of in-office overtime hours Plaintiffs estimate they worked, and (6) the possibility of summary judgment, partial or otherwise.

Active/43396288.1

The parties ultimately agreed upon settlement terms, which are embodied in the Settlement Agreements attached as Exhibit A.  For these reasons, and those that follow, the parties jointly and respectfully request the Court approve the Settlement Agreements, which represent a fair and reasonable compromise of Plaintiffs' claims.

## II.    ARGUMENT AND CITATION TO AUTHORITY

Employees may compromise or settle FLSA claims in two circumstances: (1) the Secretary of Labor may supervise payment to employees of unpaid wages owed to them, or (2) a court may review and approve a settlement in a private cause of action for back wages.  29 U.S.C. §§ 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir.  1982).

When parties seek court approval under § 216(b), the court must examine the settlement to determine if it represents "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Id.* at 1355.  If the settlement reflects a reasonable compromise over disputed issues, such as FLSA coverage or calculation of back wages, then the court is permitted "to approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id.* at 1350.

Courts in this District have applied a two-step analysis to evaluate the fairness of proposed FLSA settlement agreements.  *See Wingrove v. D.A.*

*Technologies, Inc.*, No. 1:10-CV-3227-HLM-WEJ, 2011 WL 7307626, at \*2-4 (N.D. Ga. Feb. 11, 2011), report and recommendation adopted, No. 1:10-CV-3227-HLM, 2011 WL 7324219 (N.D. Ga. Feb. 14, 2011) (applying analysis from *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010)).

"First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise)." *Id.* During this initial inquiry, courts consider (1) the existence of fraud or collusion behind the settlement, (2) the complexity, expense, and likely duration of the litigation, (3) the stage of the proceedings and the amount of discovery completed, (4) the probability of plaintiffs' success on the merits, (5) the range of possible recovery, and (6) the opinions of counsel. *Id.* at 1241. "When considering these factors, the Court should keep in mind the 'strong presumption' in favor of finding a settlement fair." *King v. My Online Neighborhood, Inc.*, No. 606-CV-435-ORL-22JGG, 2007 WL 737575, at \*3 (M.D. Fla. Mar. 7, 2007) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir.1977)).

Second, "if the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court

Active/43396288.1

should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace." *Id.*

Finally, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). "Because the FLSA was intended to provide workers with the full compensation they are due under the law, requiring a plaintiff to pay his or her attorney a fee in addition to what the Court determines is a reasonable fee for the attorneys' services is contrary to Congressional intent." *Zegers v. Countrywide Mortgage Ventures, LLC*, 569 F. Supp. 2d 1259, 1267 (M.D. Fla. 2008). "[C]ounsel for the claimant(s) must first disclose the extent to which the FLSA claim has or will be compromised by the deduction of attorneys' fees, costs or expenses pursuant to a contract between the plaintiff and his or her counsel, or otherwise." *Kingsley v. Four Townes Lodge No. 655*, No. 6:10-CV-103-ORL-28, 2010 WL 3220311, at *2 (M.D. Fla. July 23, 2010), report and recommendation adopted, No. 610-CV-103-ORL-28GJK, 2010 WL 3220309 (M.D. Fla. Aug. 13, 2010).

Applying those principles, the parties' proposed Settlement Agreement should be approved.   In the Complaint, Plaintiffs allege Accord failed to

Active/43396288.1

compensate them for all overtime hours worked.  (Doc. 1 at ¶¶ 3, 39.)  Accord disputes those contentions and maintains it complied with all legal requirements regarding Plaintiffs' compensation, including the fact that it properly classified Plaintiffs as exempt under the FLSA's administrative exemption.  Nonetheless, after extensive discovery, and to prevent the costs of further litigation, the parties, through counsel, engaged in arms-length negotiations to resolve the litigation.  The negotiations culminated in the Settlement Agreements attached as Exhibit A.

Under the proposed agreements, Accord would pay each Plaintiff a sum in settlement of his or her claims against Accord.  One-half of the settlement amount for each Plaintiff is compensation for alleged unpaid wages, and the remaining one-half of the settlement amount is treated as liquidated damages, which will be paid separately with no deduction for taxes or other withholdings, reported on IRS Form 1099.  The parties calculated the alleged unpaid wages by evaluating certain factors, including, but not limited to, (1) the length of time each Plaintiff worked for Accord as a staffing coordinator, (2) the amount of additional compensation Accord paid Plaintiffs for working on call, (3) the number of times Plaintiffs were on call, and (4) the number of in-office overtime hours each Plaintiff estimates s/he worked.

Active/43396288.1

Accordingly, under the proposed agreements, Plaintiffs are to receive the following amounts:   Shana Bell: $22,515.00 (69 weeks); Jasmine Brown: $7,355.00 (33 weeks); Gamaliel Guzman: $37,490.00 (66 weeks); Angela Hart: $37,942.00 (98 weeks); and Jennifer Taylor: $24,183.00 (65 weeks).

The parties have conducted discovery and have openly engaged in negotiations and shared information.  It is acknowledged by both sides that a bona fide dispute exists regarding (1) the number of hours Plaintiffs worked off-the-clock, if any, (2) whether Plaintiffs were exempt from overtime, and (3) whether Plaintiffs' on-call waiting time was compensable.  Thus, the probability that Plaintiffs would prevail on their claims is uncertain, and even if Plaintiffs established Accord's liability, the damages they would receive is also disputed. Given that Plaintiffs' likelihood of prevailing on the merits is speculative, coupled with the fact that litigation of their claims would be difficult and expensive, the parties and their counsel have reached this compromise, which they both believe represents a fair and reasonable "yielding of the highest hopes in exchange for certainty and resolution."  *King*, 2007 WL 737575, at *3 (citation omitted).

Plaintiffs' attorneys' fees will not be deducted from these payments, and Plaintiffs' attorneys' fees were not determined at the time the parties reached an agreement as to Plaintiffs' recovery.  The parties agreed that the Court will

Active/43396288.1

determine a reasonable fee for Plaintiffs' attorneys after the attorney-fees issue has been fully briefed by the parties.  See Exhibit A at § 4.

Bearing in mind that Plaintiffs' likelihood of success is uncertain, the parties agree the settlement award approximates the damages Plaintiffs would receive if they prevailed at trial.  The settlement award Plaintiffs will receive, therefore, is both fair to them and furthers the goals of the FLSA's overtime provisions.

## III.    CONCLUSION

The parties respectfully submit that the proposed Settlement Agreements constitute a fair and reasonable resolution of a bona fide dispute under the FLSA. Under the principles articulated in *Lynn's Foods*, the parties ask this Court to approve the agreement.

For the Court's convenience, a proposed order is attached as Exhibit B.

Respectfully submitted this 5th day of August, 2016.

/s/ Thomas F. Martin
Kimberly N. Martin
Georgia Bar No. 473410
Thomas F. Martin
Georgia Bar No. 482595
MARTIN & MARTIN, LLP
P.O. BOX 1070
Tucker, GA 30085
Tel.:  (404) 313-5538
Fax:  (770) 837-2678
kimberlymartinlaw@gmail.com
tfmartinlaw@msn.com

/s/ Lauren A. Nations
John F. Wymer, III
Georgia Bar No. 779418
Bryan A. Stillwagon
Georgia Bar No. 815065
Lauren A. Nations
Georgia Bar No. 301299
SHERMAN & HOWARD L.L.C.
1555 Peachtree Street NE, Suite 850
Atlanta, GA 30309
Tel.:  (404) 567-4415
Fax:  (404) 567-4416

9

**Counsel for Plaintiffs**

jwymer@shermanhoward.com
bstillwagon@shermanhoward.com
lnations@shermanhoward.com

**Counsel for Defendants**

## <u>CERTIFICATE OF COMPLIANCE</u>

The undersigned counsel certifies that the foregoing has been prepared in Times New Roman (14 point) font, as approved by the Court in LR 5.1B.

Respectfully submitted this 5th day of August, 2016.

*/s/ Lauren A. Nations*
Lauren A. Nations
Georgia Bar No. 301299
SHERMAN & HOWARD L.L.C.
1555 Peachtree Street NE, Suite 850
Atlanta, GA 30309
Tel.:   (404) 567-4376
Fax:   (404) 567-4416
lnations@shermanhoward.com

Attorney for Defendants

Active/43396288.1

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 5th day of August 2016, I served a true and correct copy of the foregoing **JOINT MOTION FOR APPROVAL OF SETTLEMENT OF CLAIMS UNDER THE FAIR LABOR STANDARDS ACT AND MEMORANDUM OF LAW IN SUPPORT THEREOF** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following:

Kimberly N. Martin (kimberlymartinlaw@gmail.com)
Thomas F. Martin (tfmartinlaw@msn.com)
Martin & Martin, LLP
P.O. Box 1070
Tucker, GA  30085

_/s/ Lauren A. Nations_
Lauren A. Nations
Georgia Bar No. 301299

Active/43396288.1